Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MANUEL ALBERTO GALEANA, *individually and*
*on behalf of others similarly situated,*

                            *Plaintiff,*

                  -against-

SZECHUAN RESTAURANT OF COLUMBUS, INC.
(d/b/a EMPIRE SZECHUAN), AH-FONG CHANG,
and MARY DOE,

                       *Defendants.*
-------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Manuel Alberto Galeana ("Plaintiff Alberto" or "Mr. Alberto"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., and as against each of Defendants Szechuan Restaurant of Columbus, Inc. (d/b/a Empire

Szechuan) ("Defendant Corporation"), Ah-Fong Chang, and Mary Doe (collectively,

"Defendants"), upon information and belief, alleges as follows:

## NATURE OF ACTION

    1.    Plaintiff Alberto is a current employee of Defendants Szechuan Restaurant Of

Columbus, Inc. (d/b/a Empire Szechuan), Ah-Fong Chang, and Mary Doe.

    2.    Empire Szechuan is a restaurant owned by Ah-Fong Chang and Mary Doe located

at 193 Columbus Avenue, New York, New York 10023.

3.      Upon information and belief, Defendants Ah-Fong Chang and Mary Doe serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Alberto has worked long days as a dishwasher and a cook at the restaurant located at 193 Columbus Avenue, New York, New York 10023.

5.      Plaintiff Alberto has regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he has worked each week.

6.      Rather, Defendants have failed to maintain accurate records of hours worked and have failed to pay Plaintiff Alberto appropriately for any hours worked.

7.      Further, Defendants have failed to pay Plaintiff Alberto the required "spread of hours" pay for any day in which he has had to work over 10 hours a day.

8.      Defendants' conduct has extended beyond Plaintiff Alberto to all other similarly situated employees.

9.      At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiff Alberto and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.      Plaintiff Alberto now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et*

*seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

11.     Plaintiff Alberto seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Alberto's State Law claims is conferred by 28 U.S.C. § 1367(a).

13.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims have occurred in this district, Defendants operate their business in this district, and Plaintiff Alberto is employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Manuel Alberto Galeana ("Plaintiff Alberto" or "Mr. Alberto") is an adult individual residing in Bronx County, New York.

15.      Plaintiff Alberto has been employed by Defendants from approximately January 12, 2014 until the present date.

16.     At all relevant times to this complaint, Plaintiff Alberto has been employed by Defendants as a dishwasher and a cook at Empire Szechuan, located at 193 Columbus Avenue, New York, New York 10023.

17.     Plaintiff Alberto consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     Defendants own, operate and/or control a Chinese restaurant located at 193 Columbus Avenue, New York, New York 10023 under the name of Empire Szechuan, at all times relevant to this complaint.

19.     Upon information and belief, Defendant Szechuan Restaurant Of Columbus, Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 193 Columbus Avenue, New York, New York 10023.

20.     Defendant Ah-Fong Chang is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

21.     Defendant Ah-Fong Chang is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

22.     Defendant Ah-Fong Chang possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

23.     Defendant Ah-Fong Chang has determined the wages and compensation of employees, including Plaintiff Alberto, has established the schedules of employees, has maintained employee records, and has the authority to hire and fire employees.

24.     Defendant Mary Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25.     Defendant Mary Doe is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

26.     Defendant Mary Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or has controlled significant functions of Defendant Corporation.

27.     Defendant Mary Doe has determined the wages and compensation of employees, including Plaintiff Alberto, has established the schedules of employees, has maintained employee records, and has the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

28.     Defendants own, operate and/or control a Chinese restaurant located at 193 Columbus Avenue, New York, New York 10023.

29.      Individual Defendants Ah-Fong Chang and Mary Doe possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.    Each Defendant possesses substantial control over Plaintiff Alberto's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Alberto, and all similarly situated individuals, referred to herein.

32.    Defendants jointly have employed Plaintiff Alberto, and all similarly situated individuals, and are Plaintiff Alberto's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33.    In the alternative, Defendants constitute a single employer of Plaintiff Alberto and/or similarly situated individuals.

34.    Upon information and belief, Individual Defendants Ah-Fong Chang and Mary Doe operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)    defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants are Plaintiff Alberto's employers within the meaning of the FLSA and NYLL.

36.     Defendants have had the power to hire and fire Plaintiff Alberto, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Alberto's services.

37.     In each year from 2014 to the present, Defendants, both individually and jointly, have had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. For example, numerous items that are sold in the restaurant on a daily basis are produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Alberto is a current employee of Defendants, who has been employed as a dishwasher and a cook.

40.     Plaintiff Alberto seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Manuel Alberto Galeana*

41.    Plaintiff Alberto has been employed by Defendants from approximately January 12, 2014 until the present date.

42.    At all relevant times, Plaintiff Alberto has been employed by Defendants to work as a dishwasher and a cook.

43.    Plaintiff Alberto has regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a dishwasher and a cook.

44.    Plaintiff Alberto's work duties have required neither discretion nor independent judgment.

45.    Throughout his employment with Defendants, Plaintiff Alberto regularly has worked in excess of 40 hours per week.

46.    From approximately January 12, 2014 until on or about August 2014, Plaintiff Alberto worked from approximately 12:00 p.m. until on or about 11:00 p.m. Mondays, Tuesdays, Thursdays, Fridays, Saturdays, and Sundays (typically 66 hours per week).

47.    From approximately August 2014 until on or about July 15, 2015, Plaintiff Alberto worked from approximately 10:00 a.m. until on or about 9:00 p.m. Mondays, Tuesdays, Thursdays, Fridays, Saturdays, and Sundays (typically 66 hours per week)

48.    From approximately July 15, 2015 until the present date, Plaintiff Alberto has worked from approximately 10:00 a.m. until on or about 9:00 p.m. on Mondays, from approximately 3:00 p.m. until on or about 1:00 a.m. on Tuesdays, from approximately 12:30 p.m. until on or about 9:30 p.m. on Thursdays, from approximately 3:00 p.m. until on or about 9:30

p.m. on Fridays, from approximately 3:00 p.m. until on or about 1:30 a.m. on Saturdays, and from approximately 1:00 p.m. until on or about 9:30 p.m. on Sundays (typically 55.5 hours per week).

49.     Throughout his employment with defendants, Plaintiff Alberto has been paid his wages in cash.

50.     From approximately January 12, 2014 until on or about March 2014, Plaintiff Alberto was paid a fixed biweekly salary of $1100.00.

51.     From approximately April 2014 until on or about July 15, 2015, Plaintiff Alberto was paid a fixed biweekly salary of $1200.00.

52.     From approximately July 15, 2015 until the present date, Plaintiff Alberto has been paid a fixed salary of $618.00 per week.

53.     Plaintiff Alberto has not been required to keep track of his time, nor to his knowledge, have the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflect his actual hours worked.

54.     Defendants have not provided Plaintiff Alberto with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

55.     No notification, either in the form of posted notices, or other means, has ever been given to Plaintiff Alberto regarding wages as required under the FLSA and NYLL.

56.     Defendants have not provided Plaintiff Alberto with each payment of wages a statement of wages, as required by NYLL 195(3).

57.    Defendants never have given any notice to Plaintiff Alberto, in English and in Spanish (Plaintiff Alberto's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.    Defendants required Plaintiff Alberto to purchase "tools of the trade" with his own funds—including soap and a cap every year.

*Defendants' General Employment Practices*

59.    Defendants have regularly required their employees, including Plaintiff Alberto, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or Spread of Hours compensation.

60.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Alberto  (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

61.    Defendants have paid Plaintiff Alberto all of his wages in cash.

62.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

63.    Defendants have also failed to post required wage and hour posters in the restaurant, and have not provided Plaintiff Alberto with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour

laws, and to take advantage of Plaintiff Alberto's relative lack of sophistication in wage and hour laws.

64.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Alberto (and similarly situated individuals) have worked, and to avoid paying Plaintiff Alberto properly for (1) for minimum wages due, (2) for overtime due and (3) for spread of hours pay.

65.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL. Defendants have failed to provide Plaintiff Alberto ' and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone  number  of employer;  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,  salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

66.    Defendants have failed to provide Plaintiff Alberto  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing:  the rate or rates of pay and basis thereof, whether  paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;  the regular  pay day designated by the employer;  the name of the  employer;  any "doing business as"  names used by

the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by New

York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67.    Plaintiff Alberto brings his FLSA minimum wage, overtime, and liquidated

damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on

behalf of all similarly situated persons who are or were employed by Defendants, or any of them,

on or after the date that is three years before the filing of the complaint in this case (the "FLSA

Class Period"), as employees of Empire Szechuan (the "FLSA Class").

68.    At all relevant times, Plaintiff Alberto and other members of the FLSA Class who

are and/or have been similarly situated, have had substantially similar job requirements and pay

provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required minimum

wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work

in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage

deductions and other improper credits against Plaintiff Alberto's wages for which Defendants did

not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

69.    The claims of Plaintiff Alberto stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

70.    Plaintiff Alberto repeats and re-alleges all paragraphs above as though fully set forth herein.

71.    At all times relevant to this action, Defendants have been Plaintiff Alberto's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiff Alberto (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

72.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

73.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74.    Defendants have failed to pay Plaintiff Alberto (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75.    Defendants' failure to pay Plaintiff Alberto (and the FLSA Class members) at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

76.    Plaintiff Alberto (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

77.    Plaintiff Alberto repeats and re-alleges all paragraphs above as though fully set forth herein.

13

78.    Defendants, in violation of the FLSA, have failed to pay Plaintiff Alberto (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

79.    Defendants' failure to pay Plaintiff Alberto (and the FLSA Class members) overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

80.    Plaintiff Alberto (and the FLSA Class members) have been damaged in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>
**(VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)**

81.    Plaintiff Alberto repeats and re-alleges all paragraphs above as though fully set forth herein.

82.    At all times relevant to this action, Defendants have been Plaintiff Alberto's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiff Alberto (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

83.    Defendants, in violation of the NYLL, paid Plaintiff Alberto (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

84.    Defendants' failure to pay Plaintiff Alberto (and the FLSA Class members) minimum wage has been willful within the meaning of N.Y. Lab. Law § 663.

85.    Plaintiff Alberto (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAWS)

86.    Plaintiff Alberto repeats and re-alleges all paragraphs above as though fully set forth herein.

87.    Defendants, in violation of the NYLL and associated rules and regulations, have failed to pay Plaintiff Alberto (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

88.    Defendants have failed to pay Plaintiff Alberto (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

89.    Defendants' failure to pay Plaintiff Alberto (and the FLSA Class members) overtime compensation has been willful within the meaning of N.Y. Lab. Law § 663.

90.    Plaintiff Alberto (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

91.    Plaintiff Alberto repeats and re-alleges all paragraphs above as though fully set forth herein.

92.    Defendants have failed to pay Plaintiff Alberto (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Alberto's spread of hours exceeded ten hours in violation of New York Lab.  Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP.  CODES R. & REGS.  Tit.  12, § 146-1.6.

93.    Defendants' failure to pay Plaintiff Alberto (and the FLSA Class members) an additional hour's pay for each day Plaintiff Alberto's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

94.    Plaintiff Alberto (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

95.    Plaintiff Alberto repeats and re-alleges all paragraphs above as though fully set forth herein.

96.    Defendants have failed to provide Plaintiff Alberto  with a written notice, in English and in Spanish (Plaintiff Alberto's  primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

97.    Defendants are liable to Plaintiff Alberto in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

98.    Plaintiff Alberto repeats and re-alleges all paragraphs above as though set forth fully herein.

99.    Defendants did not provide Plaintiff Alberto with wage statements upon each payment of wages, as required by NYLL 195(3).

100.    Defendants are liable to Plaintiff Alberto in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**RECOVERY OF EQUIPMENT COSTS**

101.    Plaintiff Alberto repeats and realleges all paragraphs above as though set forth fully herein.

102.    Defendants have required Plaintiff Alberto to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as soap and caps, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

103.    Plaintiff Alberto has been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Alberto respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

17

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Alberto and the FLSA class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Alberto and the FLSA class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Alberto's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Alberto and the FLSA class members;

(f)    Awarding Plaintiff Alberto and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Alberto and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Alberto and the members of the FLSA Class;

(i)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Alberto and the members of the FLSA Class;

(j)    Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Alberto's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(k)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Alberto and the FLSA Class members;

(l)    Awarding Plaintiff Alberto and the FLSA class members damages for the amount of unpaid minimum and overtime wages, spread of hours pay as well as damages for any improper deductions or credits taken against wages, under the NYLL as applicable;

(m)    Awarding Plaintiff Alberto and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay  and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n)    Awarding Plaintiff Alberto and the FLSA class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff Alberto and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Alberto demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
        January 3, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/  Michael Faillace
By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 2540
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

December 21, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Manuel Alberto Galeano

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                         21 de diciembre de 2016