**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANUEL ALBERTO GALEANA *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>SZECHUAN RESTAURANT OF COLUMBUS, INC. (d/b/a EMPIRE SZECHUAN), AH-FONG CHANG, and MARY DOE,<br><br>*Defendants.* | Case No. 17-cv-0008<br><br>SETTLEMENT AGREEMENT AND RELEASE |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Manuel Alberto Galeana ("Plaintiff Galeana") on the one hand, Yunhua on Columbus, Inc. (d/b/a Empire Szechuan), ("Defendant Corporation"), Ah Fong and Mary Chen, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Galeana alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Galeana's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-0008 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff Galeana, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Galeana may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Galeana, the gross sum of Forty Thousand Dollars and No Cents ($40,000.00) (the "Settlement Amount") to be paid to Plaintiff Galeana's attorneys in Eight ("8") installments due by December 31, 2018, as follows:

    (a) Installment One: A post-dated check in the amount of Five Thousand Dollars and No

Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Galeana", for immediate deposit Thirty Days (30) from April 10, 2018, delivered to Plaintiff Galeana's counsel. Determination of the Plaintiff Galeana's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Galeana and their counsel.

(b)     Installment Two: A post-dated check in the amount of Five Thousand Dollars and No Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Galeana", for immediate deposit Sixty Days (60) from April 10, 2018, delivered to Plaintiff Galeana's counsel. Determination of the Plaintiff Galeana's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Galeana and their counsel.

(c)     Installment Three: A post-dated check in the amount of Five Thousand Dollars and No Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Galeana", for immediate deposit Ninety Days (90) from April 10, 2018, delivered to Plaintiff Galeana's counsel. Determination of the Plaintiff Galeana's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Galeana and their counsel.

(d)     Installment Four: A post-dated check in the amount of Five Thousand Dollars and No Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Galeana", for immediate deposit One Hundred Twenty Days (120) from April 10, 2018, delivered to Plaintiff Galeana's counsel. Determination of the Plaintiff Galeana's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Galeana and their counsel.

(e)     Installment Five: A post-dated check in the amount of Five Thousand Dollars and No Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Galeana", for immediate deposit One Hundred Fifty Days (150) from April 10, 2018, delivered to Plaintiff Galeana's counsel. Determination of the Plaintiff Galeana's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Galeana and their counsel.

(f)     Installment Six: A post-dated check in the amount of Five Thousand Dollars and No Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Galeana", for immediate deposit One Hundred Eighty Days (180) from April 10, 2018, delivered to Plaintiff Galeana's counsel. Determination of the Plaintiff Galeana's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Galeana and their counsel.

(g)     Installment Seven: A post-dated check in the amount of Five Thousand Dollars and No Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Galeana", for immediate deposit Two Hundred Ten Days (210) from April 10, 2018, delivered to Plaintiff Galeana's counsel. Determination of the Plaintiff Galeana's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Galeana and their counsel.

(h)     Installment Eight: A post-dated check in the amount of Five Thousand Dollars and No Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Galeana", for immediate deposit Two Hundred Forty Days (240) from April 10, 2018 or by December 31, 2018 delivered to Plaintiff Galeana's counsel. Determination of the Plaintiff Galeana's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Galeana and their counsel.

Within 30 days from April 10, 2018, all of the post-dated checks/payments set forth above shall be

delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165 by December 31, 2018. Failure to deliver said checks shall constitute a default under the Agreement.

2. <u>Confession of Judgment</u>: Concurrently with the execution of this Agreement, Defendants shall each execute and deliver to Plaintiff Galeana's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Galeana's attorney, and shall not be filed with the Court unless: (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Galeana's counsel's escrow account, or Defendants fail to deliver the payments to Galeana's counsel within five days of the Court approving the Agreement, <u>and</u> (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Jian Hang, Esq., at 136-20 38th Avenue Suite 10G, Flushing, NY 11354. Any such Notice of Default shall be deemed received five days after it is mailed.

3. <u>Release and Covenant Not To Sue</u>: Plaintiff Galeana hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Galeana at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. This release includes the release for unpaid, inaccurate payment or nonpayment of wages and overtime under any federal, state, or local law, including but not limited to federal and New York law (29 U.S.C. §201, et seq., New York Labor Law §§191, 193, 196-d, 198-b, 650, et seq., 652 and 653 and relevant sections of N.Y. Comp. Code R. & Regs.) and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiff may have under this Agreement. Nothing in this Agreement shall operate to preclude Plaintiff from enforcing or shall adversely affect his right or ability to enforce this Agreement.

Defendants release and discharge Plaintiff Galeana, his heirs, agents, and successors, to the fullest extent permitted by law, from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Galeana relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

4. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. <u>Dismissal of the Litigation</u>: Plaintiff shall file, within seven (7) days of receipt of the executed Settlement Agreement and payment in accordance with paragraph 1, a Stipulation of Dismissal with Prejudice (in the form of Exhibit C, attached hereto, which is incorporated to this

agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

6. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Galeana and Defendants.

7. <u>Acknowledgments</u>: Plaintiff Galeana and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Galeana:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Jian Hang, Esq.
**Hang & Associates, PLLC**
136-18 39th Avenue Suite 1003
Flushing, NY 11354
Tel: (718)-353-8588
Fax: (718)-353-6288
Email: jhang@hanglaw.com

9. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. <u>Severability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding

by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Galeana agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. <u>Release Notification</u>: Defendants advised Plaintiff Galeana to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff Galeana acknowledge that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Galeana acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Galeana confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____     Date: 5/14/18
MANUEL ALBERTO GALEANA

DEFENDANTS:

By: _____     Date: 5/15/18
YUNHUA ON COLUMBUS, INC.

By: _____     Date: 5/15/18
MARY CHEN